Maurice B. VerStandig, Esq.
Bar No. MD18071
Christianna A. Cathcart, Esq.
Bar No. ND0008
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@mbvesq.com
christianna@dcbankruptcy.com
*Proposed Counsel for the Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 26-464-ELG |
| | ) | (Chapter 11) |
| Synergy Reorg, LLC.[1] | ) | |
| | ) | |
| Debtors. | ) | Joint Administration Motion Pending |

**MOTION TO ESTABLISH PROCEDURES**
**FOR INTERIM PROFESSIONAL COMPENSATION**

Come now Synergy Reorg, LLC.; Synergy CHC Corp.; Synergy CHC Inc.; Hand MD Corp.; Synergy CHC Mexico; and NomadChoice Pty, Ltd. (collectively, the "Debtors"), by and through undersigned proposed counsel, pursuant to section 331 of title 11 of the United States Code and section XVI of the Procedures for Complex Chapter 11 Cases in the District of Columbia, and move this Honorable Court to establish procedures for the interim compensation of professionals representing—or engaged by—one or more of the Debtors, during the pendency of these cases, and in support thereof state as follows:

[1] The Debtors in these cases are Synergy Reorg, LLC.; Synergy CHC Corp.; Synergy CHC Inc.; Hand MD Corp.; Synergy CHC Mexico; and NomadChoice Pty, Ltd.

## I. Introduction

Faced with the over-zealous, unduly-aggressive, and tortious conduct of a putatively secured creditor, the Debtors have made the difficult decision to use the chapter 11 process to efficiently liquidate their assets for the benefit of all creditors and stakeholders. For proud entities that serve as custodians of two preeminent brands, this process is both rife with the potential for success and certain to be grueling in nature. For the professionals representing the Debtors, the hours of work ahead are doubtlessly prone to prove significant.

Accordingly, consistent with the provisions of title 11 of the United States Code (the "Bankruptcy Code"), the Debtors ask this Honorable Court to establish procedures for the payment of interim compensation to case professionals. It is reasonably anticipated those case professionals will be confined to (i) Lauren P. Berret, of Eisner Advisory Group LLC, who is acting as the Debtors' chief restructuring officer; (ii) Ms. Berret's colleagues and support staff, whose time will be billed alongside that of Ms. Berret; and (iii) Maurice VerStandig and Christianna Cathcart, of The VerStandig Law Firm, LLC, who are the Debtors' proposed general reorganization counsel. These are people who will toil mightily in the coming days (alongside legacy agents of the Debtors, this Honorable Court, the United States Trustee, and so many others—albeit with the foregoing being the persons whose compensation requires court approval), and it is urged reasonable procedures ought to be established for their interim compensation.

## II. Standard

The relief sought in this motion is wholly consistent—and coterminous—with that provided for in section XVI of the Procedures for Complex Chapter 11 Cases in the District of Columbia. These procedures govern *sub judice*. *See* Local Rule 1075-1. And the standing

presumption is that these procedures *do* apply, rendering this motion—to some degree—a redundancy.

Pertinently, however, the subject procedures allow for interim professional compensation on, *inter alia*, the following conditions:

> (b) Service of Monthly Statement. After the end of a month for which compensation is sought, each professional seeking compensation may file and serve a monthly statement (the "Monthly Statement") on (1) the debtor's attorney, (2) the United States Trustee, (3) any pre-petition secured lender, (4) any post-petition secured lender, (5) the attorney for any committee appointed under the Bankruptcy Code, (6) any fee examiner appointed in the case, and (7) any other party the Court designates (collectively, the "Professional Fee Notice Parties").
>
> (c) Contents. The Monthly Statement shall contain a list of individuals who provided the services during the statement period, their job titles, their billing rates, the aggregate hours spent by each individual, contemporaneously maintained time entries for each individual in increments of tenths of an hour without lumping or block billing, and a reasonably detailed breakdown of expenses incurred. The Monthly Statement shall include a notice that any objections shall be filed within fourteen (14) days of service of the Monthly Statement. After the expiration of the fourteen (14) day period, the debtor shall be authorized to pay 80 percent of the undisputed fees and 100 percent of the undisputed expenses identified in the Monthly Statement.
>
> (d) Filing of Summary. If a Monthly Statement is served, a summary of the total fees and expenses requested shall be filed.
>
> (e) Objections. Any objection to a Monthly Statement shall be served on the affected professional and the other Professional Fee Notice Parties. The objection shall state the nature of the objection and the amount of fees or expenses at issue. After expiration of the fourteen (14) day objection period, the debtor shall be authorized to pay the fees and expenses identified in the Monthly Statement that are not subject to the objection.
>
> (f) Resolutions. If any objecting party resolves a dispute with a professional, the objecting party or the debtor with the consent of the objecting party, shall serve a notice on the Professional Fee Notice Parties that the objection is withdrawn. The notice shall describe the terms of the resolution. The debtor shall be authorized to pay the portion of the fees and expenses identified in the Monthly Statement that is no longer subject to an objection.
>
> (g) Preservation of Objections. Any objection that is not resolved shall be preserved and presented to the Court at the next interim or final fee application hearing.

> (h) No Waiver. Whether a party objects to a Monthly Statement or not, any party may object to any fee application filed with the Court in accordance with the Bankruptcy Code. The failure to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any subsequently filed fee application.
>
> (i) Applications. Each professional shall file an application for interim or final approval of allowance of compensation and reimbursement of expenses pursuant to §§ 330 and 331 of the Bankruptcy Code, including compensation previously paid by the debtor on the basis of a Monthly Statement, every one hundred and twenty (120) days, unless the Court orders a different frequency. Unless the Court orders otherwise, the first fee application may be filed no earlier than one hundred and twenty (120) days from the petition date.
>
> (j) Court Approval. Neither the payment of nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses shall have any effect on the Court's interim or final allowance of compensation or reimbursement of expenses. All fees and expenses, whether or not paid or objected to in connection with a Monthly Statement, remain subject to review and approval by the Court in connection with interim and final fee applications. All fees and expenses are subject to disgorgement or offset if not approved by the Court on a final basis.

Procedures for Complex Chapter 11 Cases in the District of Columbia § XVI.

## III. Interim Compensation Procedures Should be Approved

While it is believed these cases are likely to be relatively brief in duration, there is nonetheless an abiding need to ensure professionals are compensated in a timely and prompt manner. Such is what is contemplated by the Bankruptcy Code and such is what underlies the willingness of well qualified attorneys, financial advisors, and other industry professionals to wade into the waters of cases like these, where liquidation is a certainty but deliberate work can still meaningfully benefit creditors and other stakeholders.

As a leading treatise has explained of the normative compensation and holdback procedures in chapter 11 cases:

> Most courts that allow interim applications to be made on a monthly basis are also willing to implement special compensation procedures. In general, such procedures require an initial application on notice to all parties to set the special procedure, then monthly invoices go to certain parties in interest, including the United States trustee, the debtor, secured creditors, any official committees and any other

> interested party who requests to be served. These monthly statements may be filed with the clerk or just served on the relevant parties, depending on the procedure. After a certain period, those fees and expenses that are not objected to by any party in interest can be paid, either with or without a holdback.

3 Collier on Bankruptcy P 331.03.

Moreover, in addition to being enshrined in the Local Rules of this Honorable Court, comparable procedures have been approved by sister courts on myriad occasions. *See, e.g.*, *In re Mariner Post-Acute Network*, 257 B.R. 723, 727 (Bankr. D. Del. 2000) ("While section 331 expresses the normal rule that interim fee applications may be filed only once every 120 days, it expressly permits the Court, in appropriate circumstances, to permit fee applications to be filed more often. Courts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently.") (citing *In re Bennett Funding Group, Inc.*, 213 B.R. 227, 232 (Bankr. N.D.N.Y. 1997); *In re Kaiser Steel Corp.*, 74 B.R. 885, 892 (Bankr. D. Colo. 1987)); *In re Pier 1 Imports, Inc.*, Case No. 20-30805-KRH (Bankr. E.D. Va. 2020) at ECF No. 380 (Huennekens, J.). And this Honorable Court, has too, granted such relief in the past. *See In re Compass Coffee, LLC,* Case No. 26-5-ELG (Bankr. D.D.C. 2026) at ECF No. 124.

The Debtors, in these cases, are being helmed by a chief restructuring officer and represented by counsel. None of these professionals seek a departure from the aforesaid rigors of the Local Rules governing complex cases. An 80% holdback on fees is agreeable, a two-week review period is agreeable, and the various other quoted—and excluded—provisions are agreeable. The Debtors simply wish to formalize that these rigors will, indeed, govern the compensation of professionals in these cases.

## IV. Conclusion

WHEREFORE, the Debtors respectfully prays this Honorable Court (i) permit professional compensation in accord with section XVI of the Procedures for Complex Chapter 11 Cases in the District of Columbia; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: September 6, 2026 By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 991-1101
mac@mbvesq.com

Christianna A. Cathcart, Esq.
Bar No. ND0008
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Proposed Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of September, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig